YOUNG, Respondent, *v.* SMITH, et al., Appellants.

No. 8548

Submitted June 8, 1945. Decided June 30, 1945.

160 Pac. (2d) 477

Mr. Al Hansen, of Baker, for appellants.

Mr. D. R. Young, of Baker, for respondent.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This cause is companion to In re Armesworthey's Estate, Mont., 160 Pac. (2d) 472, cause No. 8527, this day decided. By agreement the bill of exceptions contained in Cause 8527 was considered by the trial court in its judgment and may be considered by this court in the determination of this appeal.

This is an appeal from a judgment quieting title to certain lands in Dorothy H. Young. The lands involved were part of the estate of Louis H. Armesworthey. By answer and cross-complaint the heirs of Louis Armesworthey appeared either in person or by representation. The facts in regard to the probate of the Armesworthey estate have been set out in the companion case and will not be repeated here. On the 26th of January, 1935, the property was distributed to the heirs of Louis Armesworthey. On the 3rd day of July, 1935, the administrator was discharged. The district court found that starting with May 31, 1935, the heirs of Armesworthey failed and neglected to pay any taxes due Fallon county and that after a tax certificate was issued to the county July 20, 1935, there was a continued failure to pay taxes, and on the 26th day of February, 1942, the plaintiff paid the taxes, costs, penalties and interest, and received an assignment of the tax sale certificate, and that on the 15th day of May, 1942, after giving the necessary notice, a tax deed was issued to the plaintiff. She thereafter brought this suit.

The defendants base their defense and cross-complaint upon fraud and allegations which would impose a trust upon the plaintiff to hold the property for the Armesworthey heirs. Appellants at no time have made any offer to reimburse the plaintiff for what she has paid the county. In fact it appears in the appellant's answer that Denzil R. Young, husband of plaintiff, called Mr. Hansen, the administrator of the Amous estate and attorney for the other heirs, before the tax deed issued and told him that if he wanted to redeem the property from the tax sale that there still was time to do so.

The defense is that there existed, between L. E. Rushton, the administrator of the Armesworthey estate, Denzil R.

Young, the attorney for the administrator, and the plaintiff here, fraudulent design and purpose to deprive them of the property here involved. It is also contended that Denzil R. Young was either still the attorney for the administrator who, they contend, had not been legally discharged, or was in fact the attorney for the defendants and as such breached a fiduciary relationship. Even though Denzil R. Young was, as charged by appellant, the agent or attorney for the heirs or the administrator, this would not operate to defeat the rights established by the plaintiff. As to the relationship of attorney and client, the only evidence comes from the depositions of the defendants, made after they started action to recover the land, that they looked to Denzil R. Young as their representative. The evidence in the record does not justify them in looking to Mr. Young or the administrator to act for them in any matter after the property was distributed and the administrator discharged. Mr. Young was attorney for the administrator but this relationship ceased to exist when the administrator was discharged. Nothing appears in the record which can be said to substantiate the appellant's contention that the relationship continued thereafter. In fact the evidence shows distrust and hostility on the part of the appellants toward both the administrator and Mr. Young even before the estate was distributed and the administrator discharged.

Appellants rely upon a letter written by a firm of attorneys from Dallas, Texas, to Mr. Young. This letter mentions that the writer is one of a firm of attorneys representing Mrs. Mabel Watkins and her mother, Mrs. Wardlow, the latter being one of the heirs of the Armesworthey estate, and contains this paragraph: ''I further suggested that arrangements be made with Mr. L. E. Rushton to look after the renting of the real estate, rendering [renting] same for paying taxes thereon, and have the heirs agree to whom the watch on hand should be sent; and, if there should be any other personal property on hand, authorize him to sell and to use the proceeds for the purpose of paying

taxes on the land left to the heirs, viz." (Here followed legal description of land.)

The record does not show that any such arrangement was made, or that Mr. Rushton or his attorney, Mr. Young, accepted this responsibility after the administrator was discharged as such. At that time all taxes had been paid.

The district court found "that there is no legal, competent or sufficient evidence that plaintiff was guilty of any fraud or deceit in the acquisition of the title to said real estate, but on the other hand, plaintiff acted in good faith and paid value for her title to said real estate."

We must agree with the district court. There is no evidence upon which it can be said that this plaintiff had not the right to proceed to purchase the tax title as she did.

The judgment is affirmed.

Mr. Chief Justice Johnson, and Associate Justices Morris, Adair, and Cheadle concur.